UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF KIRBY INLAND MARINE, L.P., AS OWNER OF THE T/B KIRBY 7303, T/B KIRBY 8030 AND T/B KIRBY 30016 PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER 09-74-FJP-CN |
| CONSOLIDATED WITH | |
| IN THE MATTER OF THE COMPLAINT OF ECKSTEIN MARINE SERVICE, LLC d/b/a MARQUETTE TRANSPORTATION CO., GULF-INLAND, LLC AS OWNER OF THE M/B SEA DRIFT FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER 09-81-FJP-CN |

**RULING AND ORDER**

This matter is before the Court on the Motion to Dismiss by Eckstein Marine Service, LLC d/b/a/ Marquette Transportation Gulf Inland, LLC as owner of the M/V SEA DRIFT ("Eckstein")[1] and the Motion to Dismiss by Kirby Inland Marine, L.P. ("Kirby").[2] Several oppositions and reply briefs have been submitted by all parties. The parties also submitted briefs in response to the Court's Order of July 31, 2009.[3]

---

[1] Rec. Doc. No. 23.

[2] Rec. Doc. No. 27.

[3] Rec. Doc. Nos. 32, 33, & 34.

Doc#46890

The above motions to dismiss are granted in part as follows:

The Court holds that the class action claim filed in the Eckstein limitation proceeding is STRICKEN[4] pursuant to Supplemental Admiralty and Maritime Claims Rule F of the Limitation of Liability Act and *Lloyd's Leasing Ltd. v. Bates*.[5]

The Court also holds that it will not extend the deadlines to file claims in either the Kirby or Eckstein limitation proceedings as no "good cause" has been shown by any potential late claimant, and default judgments have been entered in both proceedings.[6]

Any request to remand the class action claim to state court is denied as procedurally improper since the state court case was not removed to federal court but rather was stayed. Likewise, the Court will not lift the stay and allow the class action to proceed in state court while the limitation proceedings proceed in federal court as this would be improper under applicable law.

The above rulings are final and not subject to oral argument. The remaining issues in the motions to dismiss shall be addressed

---

[4] The Court notes that courts have routinely stricken class action allegations when they are filed within a limitation proceeding or dismissed class action complaints when they are filed after a limitation proceeding has been instituted. *Gabarick v. Laurin Maritime (America), Inc.,* 2009 WL 102573 (E.D. La. Jan. 12, 2009)(citations omitted). As the court noted in *Gabarick*, "[s]triking the allegations rather than dismissing the claims outright permits those claimants to retain their current litigation position." *Id.* at *2.

[5] 902 F.2d 368 (5th Cir. 1990).

[6] Rec. Doc. Nos. 16 & 19.

Doc#46890

at oral argument on Thursday, September 30, 2010, at 10:00 a.m. in Courtroom 2 of the Russell B. Long Federal Building and Courthouse.

The Court will hear argument on the following matters <u>ONLY</u>:

(1) whether Joyce Griffin individually has satisfied the requirements of Rule F(5) such that she may maintain an individual claim in the Eckstein limitation proceeding;

(2) whether the (potential) absence of a valid claim in the Eckstein limitation proceeding, apart from Kirby's claim for contractual and tort indemnity and/or contribution, warrants dismissal of the contingent claim for contribution and/or indemnity filed by Eckstein in the Kirby limitation proceeding.

IT IS SO ORDERED.

Baton Rouge, Louisiana, September 1, 2010.

                                                     _____
                                                     FRANK J. POLOZOLA
                                                     MIDDLE DISTRICT OF LOUISIANA

Doc#46890